| State Of Wisconsin | United States Eastern District Court | Milwaukee County |

Thomas G. Felski #403913  
D.A.C.C.  
4280 Sherman Drive  
P.O. Box 190  
Winnebago, WI. 54985-0190

Date July 25th 2016

Case Number **16-C-1062**

Plaintiff - Pro Se

VS.

Defendants

1. Walworth County District Attorney's Office D.A. Daniel Necci
2. Diane M. Resch Donohoo ADA & Personally
3. Judge Phillip Koss (Former DA)
4. Paula & Richard Derrick
5. Attorney Timothy Swatek
6. Honorable Judge James Carlson Branch II
7. Court Commissioner Thomas F. Meyer
8. Assistant Attorney General Gregory M. Weber
9. A). Lake Geneva Police/Fire Department
10. B). Detective Lt. Edward Gritzner Jr.
11. C). Detective Rodney Thurin
12. D). Sergeant Daniel Derrick
13. E). Lt. Ryan Derrick
14. Walworth County Clerk Sheila T. Reiff
15. A). Law Firm Of Braden Olson Draper
16. B). Attorney Daniel S. Draper
17. C). Attorney John Olson
18. A). State Public Defenders Office By Joseph Ehnmann Appellate Manager
19. B). Appellate Attorney Martha K. Askins
20. A). Midwest Family Mutual Insurance Company LLC.
21. B). Brian Dahlberg AIC Senior Claims Representative
22. C). Ron Boyd President Midwest Family Mutual Ins. Co.
23. A). Walworth County Corporation Counsel
24. B). David A. Bretl Walworth County Corporation Counsel
25. A). Lakeland Animal Welfare Society Inc.
26. B). Cindy Worbel & Kristen Perry ED
27. Pyramax Bank & A). President (John Doe) CO
28. B). Robert J. Cooper VP
29. C). Monica Baker CFO
30. East Troy Police Department
31. Chief Jim Surges
32. Sergeant Paul Schmidt
33. Attorney's John Murphy, Paul Volbrecht & Chris Kuehn S.C.
34. Attorney Patrick Hudec - Hudec Law Offices S.C.
35. THOMAS BARBOUR EMPLOYEES
36. JOSEPH QUINN EMPLOYEES

JON W. SANFILIPPO CLERK  
2016 AUG 10 P 3 37  
U.S. DISTRICT COURT EASTERN DISTRICT-WI FILED

Complaint Under The Civil Rights ACT. 42 U.S.C. S 1983

1

Case 2:16-cv-01062-WED   Filed 08/10/16   Page 1 of 12   Document 1

**Statement Of Claim          7/25/16**

Dated: Approximately December 2008 Through July 2016

Paula And Richard Derrick 1147 Wheeler Street Lake Geneva, WI. 53147 Contacted Their Nephews Lt. Ryan Derrick Lake Geneva Fire Department & Sergeant Daniel Derrick, At The Lake Geneva Police Department. Sgt. Derrick Contacted His Friend Detective Edward Gritzner Jr. At The Lake Geneva Police Department. Who Then Took The Derrick's Statement? Originally The Derrick's Told Detective Gritzner That They Had Paid Out Over 100,000.00 For Home Improvement Work And That They Did Not Receive Any Labor Or Materials On Their Home Improvement Project **(See Doc. 2)**, Which is False. This Is Well Documented On Recorded Testimony; Police Interviews 2 Cd's And The Trial Court Transcripts February 1st 2010 *[Day1 Trial Pg. 156 Tr.15-25], [Pg.126 Tr.1-24], [Pg. 176 Tr.21-25] And [Pg. 177 Tr.1-25] 2010.*

During The Investigation The Derricks Attorney Tim Swatek Misrepresented The Facts And Misled Investigator Gritzner By Stating That The Derricks Only Had Minor Home Improvements Done When In Fact This Was A **Major Home Renovation** Including Interior Demolition, Completely New Updated Electrical Service, New Plumbing, New Windows, New Roofing, New French Door, Brand New Kitchen, 2 Brand New Bathrooms, New Bedroom And Closets, New Chimney Chase, A Large New Addition And A Complete House & Garage Renovation Top To Bottom. Although Detective Gritzner & Detective Rodney Thurin Went To The Derrick's Property Apparently To Measure For The Addition And Search For Garage Footings That Were Never Ordered Or Necessary, These Detectives Were Never Able To Confirm That The Other Major Renovations Ever Occurred On The Derrick's House. (Please See Pictures).

An Interview Took Place With Detective Edward Gritzner Jr., Deputy Krupp, My Attorney John Olson, & Myself On June 6th 2009. (Recorded) Detective Gritzner Then Apparently Went To Meet With ADA Diane M. Resch Donohoo. ADA Donohoo Charged Me (Thomas Felski) Personally, But Refused To Charge The Wisconsin Business Corporation, *Daddy's Home/Business Improvements Inc.* For Failure To Provide A Written Contract Per ATCP Code 110.05(a) **(See Criminal Complaint Doc. 5).** Initially The Derricks Had Signed Two Contracts With Me, Thomas Felski As A Representative For The Daddy's Home/Business Improvements Inc. The Construction Business That Held The Insurance Policy And Building Permits For The Project. **(See Doc. 3 Attachment 110.05).** Under ATCP 110.01(2) Definitions: What "Home Improvements" Means And It Clearly States "Home Improvement" Does Not Include The Construction Of A New Residence Or **The Major Renovation Of An Existing Structure. (Please See ATCP Code 110.01(2), (Doc. 4).** During Testimony Under Oath At *[February 1rst 2010 Day 1 Of Trial Pg.98 tr. 1-9]* Paula Derrick When Asked By ADA Prosecutor Resch Donohoo "Mrs. Derrick Were You Living At The Home During This Whole Time When The Work Was Being Done On Your Home" ? A: "No" Q: "Why Not"? A: "It Was Not Livable" Q: "Too Extensive Of A Project" ? A: "Yes" After Being Reversed And Remanded Three Times The Honorable Judge James Carlson In His June 25th 2014 Decision Set the Total Cost Of The Derricks Renovation At **172,077.67 (Please See Doc. 1 Appendix 1) Including All Of The Bounced Checks**. This Is A Violation Of My 10th, 13th And 14th Amendment Rights Of Due Process And Equal Protection Of Law, Because I Was Convicted Under An ATCP Code That No Longer Applies And One That Never Applied To A Complete "Major Home Renovation". This ATCP Code Has Since Been Amended To Reflect The Complete Major Home Renovation Cost Factors. **(See 110.04 (2m))**

2

During The Trial ADA Donohoo Used Many Instances To Steer The Judge And Jury Away From The Issues Of The Fact That The Derricks Had Lied About The Depth Of Their Renovation Project, ADA Donohoo Hid Evidence Of **Over 36,000.00 Worth Of Bounced Checks** That Were Written Out To Daddy's Home/Business Improvements Inc. Then After Breaching Their Two Written And One Verbal Contract, The Derricks Attempt To Fraudulently Use These Fiat Funds To Pay For Their 98% Completed Major Renovation, Brand New Addition, And 100% Completed Garage Renovation On Their 130 Year Old Home. ADA Donohoo Successfully Persuaded Judge Carlson To Seal The Check Exhibits So That The Appellate Attorney Martha Askins, Could Not Or Would Not Use This Exculpatory Evidence During The Appeal Of This Case (2009CM 442). The Prosecutor ADA Donohoo Made Statements That Were Materially False And Unreliable. The Honorable Judge Carlson, Commissioner Meyer And The Jury Relied On This Tainted Information To Make Misinformed Decisions, To Create A Manifest Injustice. Prosecutorial Misconduct Violated The Due Process Clause Triggering My Constitutional Claims.

During The Restitution Hearings Commissioner Thomas F. Meyer Must Have Used The Wrong Math To Calculate The Costs Of The Project And Omitted One Of The Derricks Two Previously Signed Contract Amounts, The Wrong Addition Measurements And Square Footage Costs Creating An Overage In Favor Of The Derricks. In Reality If Done With The Correct Math Of 130.00 Per Square Ft. (As Per The Two Signed Contracts) This Would Have Shown That The Derricks Underpaid For Their Complete Home Renovation Project And Then Lied To Cover Up The True Costs Of Their Major Renovation. On Three Remands Judge Carlson Must Have Used The Same Math That The Commissioner Used In The **Three Different Calculations** That This Judge Ordered.

After The False Charges, The False Arrest, The Slander, The Libel, The Loss Of Business, The Jail Time & The Humiliation. Walworth County Prosecutor Diane M. Resch Donohoo Then Used Her Power At The District Attorneys Office To Order Officer Paul Schmidt East Troy Police Department To Remove My Personal Property Including Two Computers Through Illegally Entering My Residence **Without A Warrant.** Cindy Wrobel Of Lakeland Animal Society, Inc., They Seized My Breeding German Shepherd Parents And Four Puppies, By Illegally Entering My Residence By Way Of False Representation And Removing My Dogs Without Authorization, Then Charging Me Over $ 4,000.00 Cash For Their Return But Only After I Hired An Attorney & Called The Local Police To File A Report. After Two Unsuccessful Attempts To Contact Mr. David Bretl The Corporation Counsel For Walworth County, I Was Forced To Hire An Attorney Firm To Assist Me With Legally Retrieving My Pups. **(See Doc 9)** Attorney's Paul Volbrecht & Chris Kuehn Sent A Letter After Finding Out That Lakeland Had Already Neutered My Main Breeding Male Puppy And Pick Of The Litter And Lakeland Was Planning To Do The Same To The Rest Of The Previously Purchased Puppies From The Litter. (Multiple Witnesses).

The Pyramax Bank Is Included On This Federal Right Civil Suit For Not Posting A Notice Or Warning About The Derricks Bouncing These Multiple Checks And Paying On The Stolen Checks Once They Were Notified That A Theft Had Occurred. In A Denial Of Due Process By Working With ADA Donohoo, Det. Gritzner, Sgt. Schmidt From The Two Police Departments, Pyramax Bank Never Assisted Us In Recovering The Lost Revenue Or Funds From These Fraudulent Activities, But Instead Closed Our Account Without Explanation, Further Harming Our Business And Related Customers.

## Statement Of Rights Violated

At All Relevant Times Here-In; Defendants Were Persons For Purposes Of 42 U.S.C. 1983 And Acted Under The Color Of Law In Their Individual And Official Capacities To Deprive Plaintiff Of His Constitutional Rights As Set Forth More Fully In This Action:

1. Deliberate Indifference To Serious Misconduct Of Officials Acting In The Public Interest Then Uses Of Fraud, Malice And Manifest Injustice To Deny, Accuse And Convict A U.S. Citizen Of An ATCP Code 110.05(b), 100.26 That Was Fraudulently Used And Not Intended To Regulate A Legal Contract For A **Complete Home Renovation.** Failure By The State Of Wisconsin To Manage Their Prosecutors. Under Rule 3.1 "Meritorious Claims And Contentions"
2. Violations Of The 4th, 5th, 6th, 10th, 13th & 14th Amendments; Due Process And Equal Protection Under The Color Of Law, Denial Of Motions For Discovery And Inspection. A Law Annulling Conveyances Is Unconstitutional Because It Is A Law Impairing The Obligation Of Contracts Within The Meaning Of The Constitution Of The United States. U.S. Constitution 13th Amendment Violations.
3. Defendants Failure To Act; Deprived Plaintiff Of Rights, Immunities, And Privileges. Violation Of My Eighth Amendment Rights.
4. Violation Of The Fourth Amendment; Illegal Search And Seizure Of Residence Property Without A Warrant.
5. I As A Citizen Of The U.S. Have The Right To Carry Out My Construction Contracts According To Their Authority And Design. Article (1) Section (9) Of The Wisconsin Constitution Whereas I Do Not Breach The Agreement Between The Customer And Myself. Without The Fear Of Retribution From An ADA That Has Been Overzealously Seeking My Arrest And Personal Demise.
6. Alleged Conspiracy Was To Fraudulently Deprive Plaintiff Of A Contractor Lien Over A Customers Real Estate For Payment Of A Home Improvement. Judge Carlson Dismissed The Lien During Sentencing Per Being Urged By The ADA Diane Resch Donohoo. Judge Carlson Sealed The Records Without Authority. ***Hampton v. Hanrahan 600 F.2d 600, 622-23 7th Cir. 1979***
7. A Subsequent Violation Committed Against Me, Thomas Felski, Is When The Complainants (Derricks) Went To The Lake Geneva Police Department Then The ADA, And The Police Did Not Inform The Complainants That Their Recourse Is Through A Civil Action And Only After A Breach Or Cancellation Of The Parties Agreement. There Is No Recourse Through The Criminal Court Statutes For A Breach Of Contract Between Two Private Parties That Was Never Opted Out Of Or Voided. A Breach Of Contract Whether It Is Willful Or Not Is The Breach Of A Duty Which The Parties Have Decided Upon. Even If Duties Under A Contract Have To Be Interpreted Or Supplemented By Existing Rules Of Law, The Duties Cannot Be Dispensed While There Is Still A Contract In Existence. Oral Or Written In Kind.
**(Please See) Legal Assistant / Paralegal Torts Volume 2 2000 Ed. Pg. 7.**
***U.S. v. Ayers 123 U.S. 443.8 SCT.164***
8. The Wisconsin Constitution Prohibits The Government From Interfering In Contracts Between Private Individuals Art. 1, Section 12 States: "No Bill" Of Attainder, Ex Post Facto Law, Nor Any Law Imparing The Obligation Of Contracts "Shall" Ever Be Passed And "No" Conviction Shall Work For The Corruption of Blood.

## Legal Theory And Authorities Cited

- The ATCP Code As Well As The Two Signed Contracts Gives A Remedy For Arbitration Prior To A Criminal Action **(See Doc. 6 Attorney Olson's Letter To ADA Donohoo)** This Is Paramount To Rectify And Prevent A Breach Of Contract. This Over Zealous ADA Resch Donohoo Never Provided For That Remedy Even Though It Was Advanced Prior To The Trial. "Deprivation Of Rights Under The Color Of Law" Under A Brady Violation; *Brady v. Maryland 373 U.S. 83, 83S. Ct. 1194, 10 L. Ed. 2d 215(1963)*

- In Order For The Circuit Court To Order Restitution, By Right, Case Law Supports That As Part Of Sentencing I Have The Right To Be Sentenced With True And Accurate Information. Some Of The Checks The Judge Carlson Used To Figure A Restitution Amount Did Not Clear The Business Bank Account Preventing Transparency And Creating An Amount Owed That Is Factually Flawed, Then Sealed The Court Record; This Is A Manifest Injustice Because Exculpatory Evidence Was Withheld By Judge Carlson, The Prosecutor ADA Diane Resch Donohoo, Detective Edward Gritzner, & Detective Rodney Thurin.

- The ATCP Code 110.05(a)(b) **(See Docs. 3 & 5)** That Was Used To Charge Me Along With Definitions 110.01(2) **(See Doc. 4)** Reads As Follows: "Home Improvement" Does Not Include The Construction Of A New Residence Or The Major Renovation Of An Existing Structure". The Charges Do Not Fit The Allegation.

- The ATCP Code 110.01(2) **(See Doc 4)** Was Amended On June 1st 2014 To Add Another Section To The Administrative Code Titled 110.01(2m) **(See Doc. 4)** (2m) Reads Major Renovation Means That The Total Price Of the Contract (Verbal Or Written) Is More Than The Assessed Value Of The Existing Structure At the Time The Contract Is Initiated. "All that Remains Is An Abstract Controversy Over The Legal Import Of Past Events That Can Have No Practical Effect Upon Any Existing Controversy, Arising Out Of A Law That Has Been Amended In Such A Way That This Controversy Cannot Recur".

- Both Signed Contracts **(See Docs. 7 & 8)** Clearly State On Page Two Article 5. Under General Provisions #11; <u>**"All Disputes Hereunder Shall Be Resolved By Binding Arbitration In Accordance With The Rules Of The American Arbitration Association".**</u> Apparently Arbitration Was Never Even Considered During The Course Of This Action By ADA Resch Donohoo. **(See Doc. 6)**

- There Is A Failure By The Court Of Appeals To Follow Legislative Mandate Under *Fletcher V. Peck Supra 10.U.S. 87, 6 Crasch 87, 3 L.e.d. 162 The Constitution Of A State Is Mandatory On The Legislature (See) Grover V. Slaughter 40.U.S. 449, U.S. La. (1841)* The Court Failed To Review All New Evidence And Conveyances Presented (ATCP Code 110.02).

- Failure By The Circuit And Appellate Courts To Release Inculpitory/Exculpatory Evidence And Failure To Follow Precedent Under *Henry W. Skinner V. Lynn Switzer District Attorney For The 31st Judicial District Of Texas Under 131 S.C.T. 1289 179. L.E.d.233 2011 U.S. Lexis 1905, 79. U.S. L.W. 4157*

5

- The Walworth County Circuit Court And Commissioner Meyer Abused Its Discretion By Not Requiring A Full Accounting Of The Derricks Claimed Payments From Both The Pyramax Bank (Check Returns) & Derricks Bank Accounts. The Court Repeatedly Abused Its Discretion By Not Dismissing The Charges Brought Against Me Illegally, And Siding With This ADA Donohoo.

- Both The Trial Counsel And The Appellate Counsels Are Ineffective For Not Reading And Raising The ATCP Code 110.01(2) **(See Doc. 4)** Definition Of "Home Renovation". In Which This Definition Totally Exonerates Me From Any Requirements Of The ATCP 110 Home Improvement Practices Code Under 35.93 Wis. Stats. By The Legislative Reference Bureau.

- The Department Of Justice Knows Of This Case And Many Others Involving ADA Diane Resch Donhoo's Sordid History Of Withholding And/Or Hiding Exculpatory Evidence From The Court In Walworth County. This Is All Well Documented With The Office Of Lawyer Regulation & A Center For Public Integrity.

- Court Commissioner Thomas F. Meyer, Walworth County Omitted Both Signed Contracts Including All Materials Costs To The Derricks Agreement Before Awarding Any Overages Otherwise It Would Have Shown That The Derrick's Have <u>Underpaid</u> For Their Complete Home Improvement Renovation Project.

- In 28 U.S.C. Section 1981, & 42 U.S.C. 1983 Under The Color Of Law Of Rights Guaranteed By The United States Constitution. *Evens v. United States 504 v.s. 255 119 L. Ed2d57,125CT(1992)* This Court Now Has The Jurisdiction Over This Action Pursuant To 28 U.S.C. Sections 1331 And 1343.

- Denial Of Due Process And A Violation Of The Equal Protection Act; *Gomez v. Toledo, 446 U.S. 635,640, 1005, Ct. 1920, 64L. Ed. 2d 572 (1980); Evens vs. United States 504 vs. 255, 114, L. Ed 2d 57,125, Ct.(1992)*

- Judge Carlson, Apparently Without Authority **Sealed The Court Records** To Prevent The Checks From Being Discovered, Totaled And Used As Evidence To Prove That Over 36,000.00 Of These Checks Bounced. A Clear Abuse Of Discretion, As This Is A Now A New Factor That Would Assist In Proving My Innocence. All Of These Actions By These Officials Point Towards An Apparent Cover Up Now Exposed By The Pyramax Bank Records. Judge Carlson Will Not Respond To Any Motions Filed By Plaintiff. **(See 974.06 Appeal; Then Denial)**

- Attorney's John Murphy, Paul Volbrect And Chis Koehn And Their Law Firm In Concert With The ADA Diane Resch Donohoo Apparently Held Funds In An Iolta Trust Fund And Then Apparently Used The Funds For Personal Use As They Could Not Produce The Funds For Return When The Customers Canceled.

- Attorney Patrick Hudec, Used The ADA Donohoo's Complaint To Divert Attention Away From Proper Representation Even Though He Was Retained And Had A Duty To Defend Under The Attorney's Oath Of Responsibility. A Conflict Of Interest And Breach Of The Attorney Client Privilege.

6

## Statement For Court To Take Judicial Notice And Jurisdiction

A. Now Comes The Plaintiff, Thomas G. Felski In The Form Of Pro-Se And Moves This Honorable Court Pursuant To Wis. Stats, 902.03(1)(a) And 902(2) To Take Judicial Notice Of All Facts, Citations, Statutes And Authorities Incorporated In This Complaint Under The Civil Rights Act. 42 U.S.C. 1983, Pursuant To Wis. Stats. 974.06.
B. I Am Suing For A Violation Of Federal Law Under 28 U.S.C. s 1331.
C. In Support Of This Complaint The Plaintiff States The Following, Equal Protection And Due Process Of Laws, Entitles The Plaintiff To Be Heard, Pursuant To The Wis. Constitution Art. 1 Sec. 1 And A Violation Of The 14th Amendment To The United States Constitution.
D. Upon Any Rulings In This Cause Of Action, Plaintiff Is Requesting That This Honorable Court Set Fourth Its Findings Of Fact, And Conclusions Of Law, Providing A Basis For The Courts Decision.
E. To Ensure That The Court Makes A Record And Plaintiff Will Have An Opportunity To Appeal The Decision Of This Honorable Court, And To Have A Legal Basis From Which To Identify Any Errors Which May Have Occurred.
F. *State v. Molitor, 210 Wis. 2d, 416, 565, N.W. 2d 248 (Ct. App. 1997)* Facial Challenge – Statute Is Wrong For Complaint.
G. *Santobello v. New York 404 U.S. 257 (1971)* Specific Performance Necessary To Correct A "Manifest Injustice".
H. *Henry Skinner v. Lynn Switzer D.A. For The 31rst Judicial District Of Texas Under 131 S. Ct. 1289179. L.E.D. 233, 2011 U.S. Lexis 1905, 79. U.S. L.W. 4157* Exculpatory Evidence Withheld By Prosecution. (Also A Brady Violation)
I. *State v. Cannon Wis. 2d 830; 756, N.W.2d 809 (2008)* Appellate Counsel Was Ineffective For Failing To Raise Trial Counsels Ineffectiveness.
J. *State v. Love No. 2003 AP 2255 [HN.3}* A Reviewing Court Must Follow A Liberal Policy In Judging The Sufficiency Of, Pro-Se Complaints Filed By Unlettered And Indigent Prisoners.
K. *Amek Ben-Rilla vs. Israel 113 Wis. 12d 514 (1983)* Pro-Se Prisoner Complaints, Whether Offered In Petition Or Any Other Form Must Be Construed Liberally To Determine If Complaint States Any Facts Given Rise To A Cause Of Action.
L. *Haines v. Kerner 404 U.S. 519, 520, (1992)* Pro-Se Prisoners Have Less Stringent Standards By Which A Pleading Is Judged.
M. *Brady v. Maryland 373 U.S. 83, 83S. Ct.1194, 10 L. Ed. 2d 215 (1963)* Failure To Follow Legislative Mandate & Review New Evidence. Under Color Of Law.
N. *Evens v. United States 504 vs. 255, 114, L. Ed 2d 57, 125, Ct.(1992)* Denial Of Due Process And Equal Protection Under Law.
O. *Fletcher v. Peck Supra10.U.S. 87, 6 Crasch 87 L.e.d.162* Exculpatory Evidence.
P. *Grover v. Slaughter 40 U.S. 449, U.S. La. (1841)* Review Of Evidence.
Q. *Monell v. City Of New York Dept. Of Social Services 436 U.S. 658, 694, 985, Ct. 2018 56 L. Ed. 2d 611 1978* Under Monell Claims Of Prosecutorial Misconduct.
R. *Yatuat v. Ruth 290 N.W. 2d 524, 95 Wis. 2d 357(1980)* Applies Remedy Entitled.
S. *Bonds v.U.S.828 F.Supp.2d 60*;2011Dist. Lexis139898, & 90973* No Authority.
T. *U.S. v. Kozminski 487 U.S. 931, 108 S. Ct. 2751, 2760-61 Lexis 3032* Coercion.
U. *People v. Lavender 398 N.E. 2d 530 (NY 1979) Lexis 2403* 13th Amendment V.
V. *Taylor v. Georgia 315 U.S. at 30 Lexis 991* 13th Amendment Violations.
W. *Bailey v. Alabama219 U.S. 219 (1911) Lexis 1633* 13th Amendment Violations.
X. *Pollock v. Williams 322 U.S. 4 (1944) Lexis 1304* 13th Amendment Violations.

## Relief Requested

1. Compensatory/Liability –Loss Of Earnings At $150,000.00 Per Year Since The Charges Were Brought In 08/2009 And Since This Erroneous Conviction Has Been On The C-Cap Record Approximately 7 Years To Date At 150,000.00 Per Year = $ 1,050,000.00 Plus Interest 1.8 % Interest Per Annum.
2. Loss Of Future Personal Earnings A Period Of 10 Years At 150,000.00 Per Year = 1,500,000.00
3. Punitive Penalty 50,000 Per Year As Allowed By Law 350,000.00
4. Separate Attorney Fees, All Additional Court Costs And Fees To Be Paid By The Defendants As Determined By The Court.
5. I Reserve The Right To Motion For Leave To Amend This Complaint To Make Any/All Changes That May Occur During This Course Of Action.
6. Upon Any Favorable Decision And Award That A Record Of That Result Be Entered On The Plaintiffs C-Cap Public Access And All Other Court Records.
7. The Right To A New Trial With The Newly Discovered Exculpatory Evidence As Proof Positive To Prove Plaintiffs Innocence.

## Jury Demand

**Yes,** I Would Request A Jury To Hear My Case.

## Request To Proceed In District Court Without Prepaying The Filing Fee.

I **Do** Request That I Be Allowed To File This Complaint Without Paying The Filing Fee. I Have Completed A Request To Proceed In The District Court Without Prepaying The Fee And Attached It To This Complaint.

## Previous Lawsuits By Plaintiff

This Plaintiff Has Not Filed Other Lawsuits Dealing With The Same Facts Involved In This Suit Or Related To His Imprisonment.

## Remedies

Plaintiff Has Exhausted Any/All Administrative Legal Remedies.

### Defendant Parties Venue

1. ADA: Diane M. Resch Donhoo, DA Daniel Necci, Personal Vindictive Retaliation Under The Color Of Law For Withholding Exculpatory Evidence, False Representation And/Or Concealment With Intent To Deceive, Charging Under The Wrong Statute Number, Using False Information For Facts.
2. District Attorney: Phillip Koss; For Prosecutorial Misconduct For Allowing ADA Donohoo To Facilitate "Abuse Of Process", "Malicious Use Of Process" And "Prosecutorial Misconduct".
3. Home Owners: Paula And Richard Derrick; Used The Walworth County Court System, The Walworth County District Attorney's Office, ADA Diane M. Resch Donohoo, The Lake Geneva Police Department, Detective Lt. Edward Gritzner Jr. And Detective Rodney Thurin, The States Attorney General Mr. Gregory M. Weber To Invoke A Criminal Penalty That Then Qualified For Legal Coercion. *[U.S. V. Kozminski 108S. Ct. 2751, 2760-61Lexis 3032(1988)].* Ultimately The Derricks Tried To Get Out Of Paying Their Final Construction Bill By Using The District Attorney's Office To Charge A Crime That Was Not A Crime Under Which Someone Could Be Charged, They Then Made Legal Mistakes By Not Following Civil And Arbitrative Procedures To Provide Remedy As Per Contract.
4. Attorney: Timothy Swatek; Attorney Swatek Facilitated The Derricks Fantasy Of Being Able To Order A Major Home Renovation Then Try To Use Any Method Possible To Get His Client Out Of Paying Their Bill. Ok'd The Use Of My Permits, Insurance & Subcontracted Workers To Fraudulently Finish The Last 2% Of Their Major Renovation Project.
5. Honorable: Judge James Carlson; Judge Carlson Throughout The Entire Legal Process, The Judge Used His Authority To Show His Abuse Of Discretion By Ignoring The Defense Counsels Motions To Dismiss, Withholding Exculpatory Evidence Under Court Seal, Allowing The Case To Proceed Under The Wrong Statutes, The Wrong Dates, And Not Under The Two Original Contracts. For Some Unknown Reason Miscalculating The Amount Of Restitution Three Separate Times, Then Adding In Bounced Checks To Come Up With An Amount That Was Never Included In The Trial Or Any Of The Restitution Hearings Testimony. He Was Negligent Of The Facts Before During And After This Cases Conclusion. Quoting Unrelated Case Law And Statutes During The Trial.
6. Commissioner: Thomas F. Meyer; Mr. Meyer Failed To Calculate The Proper Restitution Amounts By Misrepresentation Of The Facts Out Of Negligence Of Civil Procedures, Construction Case Law, Basic Math.
7. State Of Wisconsin And Assistant Attorney General: Gregory M. Weber; Deliberate Indifference Of The Facts Out Of Negligence Of Either Of The Remedies Provided For By ATCP Codes Themselves (By Notifications For Arbitration) And Two Signed Contracts That Call For Arbitration First Before Any Criminal Penalties Are To Be Applied To This Case.
8. Lake Geneva Detectives: Edward Gritzner Jr. And Detective Rodney Thurin; Detective Gritzner Filed A Fraudulent Criminal Complaint Under The Wrong Statute **(See Doc. 5)** And Then Help Out Fellow Police Officer Friends And Their Family Members "Sgt. Dan Derrick", Lt. Ryan

Derrick And Dick & Paula Derrick. Their Misrepresentation Of The Case Facts, Defamation Of Character, Reputation, Libel, And Slander, Using The Police Department Resources For Assistance To Help The Derricks When The Case Could Have Been Referred To An Agency Outside The Lake Geneva, Walworth County Area. Detective Thurin And I Had Previous Personal Business History Ongoing From A Completed Consumer New Home Improvement Hire In Illinois. Not Reclusing Investigation To Another Department For Conflict Of Interest.

9. Walworth County Clerk: Sheila T. Reiff; Facilitated The Erroneous Facts And Misinformation On The Record And Partial To The State.
10. Trial Attorney: John Olson And The Law Firm Of Braden Olson Daniel S. Draper; Trial Attorney John Olson Was Ineffective For Not Raising ATCP 110.01(2) **(See Doc. 4),** Ineffective For Not Contesting The Inaccurate Restitution Amounts From The (Derricks Bounced Checks). Bonafide Legal Malpractice: Allowing The City Of Lake Geneva To Commit Fraud.
11. Appellate Attorney: Martha Askins; Is Ineffective For Not Exposing Trial Counsel John Olsen As Ineffective. Failure To Challenge The Entire Conviction Under The Wrong Statutes. Failure To Compel The Court To Release The Bank Records Positively Proving That The Restitution Amounts Were Flawed. Ineffective And Incompetent For Being Intimidated By Walworth County. ADA Resch Donohoo, Judge Carlson. Bonafide Legal Malpractice:
12. Midwest Family Mutual Insurance Company: Brian Dahlberg, Ron Boyd For Failure To Pay The Claim In A Timely Manor. Under Their Duty To Defend They Failed To Investigate The Derricks And The ADA Donohoo For Fraud And Prosecutorial Misconduct. Under Claim # 00338087 Possibly Limiting Liability To Their Client.
13. David A. Bretl Walworth County Corporation Counsel; For Not Advising The County Prosecutor Donhooo About The Possible Liability Of Malicious Prosecution. For Advising Cindy Wrobel From Lakeland Animal Welfare Society Not To Release My Dogs Back To Me Without Charging Me $ 4,000.00 After They Were Illegally Seized From My Property, And Sexually Altered.
14. Lakeland Animal Welfare Society, Inc.: Cindy Wrobel And Kristen Perry, Business Owner; For Illegally Seizing My Six German Shepherd Dogs & Puppies Then Neutering The Male Breeding Puppy. A Violation Of Statutes 951 & 173.13(8), 173.21(1)
15. Pyramax Bank: President "*John Doe*" Monica Baker & Robert J. Cooper 7001 W. Edgerton Ave. Greenfield WI. 53220 Failure To Report Fraudulent Activities To The Business Owners And The Police Department. Paying Out On Checks That They New Were Reported Stolen.
16. Chief Jim Surges, Sergeant Paul Schmidt Town Of East Troy Police Department; Removing Personal And Business Property Without Warrant, Not Reclusing Investigation To Another Department For Conflict Of Interest.
17. Attorney's John Murphy, Paul Volbrecht, & Chris Kuehn S.C. Legal Malpractice, Legal Coercion, And Fraud.
18. Attorney Patrick Hudec, Hudec Law Offices S.C. Legal Malpractice, Other

## Mailing Service Addresses: For Defendant Parties

1. ADA; Diane M. Resch Donohooo, DA Daniel Necci, 1800 County Rd. NN Rm. 2010 P.O. Box 1001 Elkhorn, WI. 53121-1001 (262) 741-7198
2. District Attorney Now Judge; Mr. Phillip Koss 1800 County Rd. NN P.O. Box 1001 Elkhorn, WI. 53121-1001 (262) 741-7030
3. Home Owners; Paula And Richard Derrick 1147 Wheeler Street Lake Geneva, WI. 53147 (262) 248-4948
4. Derricks Attorney; Timothy P. Swatek 1499 Mill Street P.O. Box 236 Lyons, WI. 53148-0236 Or 527 Center St. Lake Geneva WI. 53147 (262) 248-8175 (262) 206-3231
5. Honorable Judge James L. Carlson 1800 County Rd. NN P.O. Box 1001 Elkhorn, WI. 53121-1001 (262) 741-7023
6. Court Commissioner; Thomas F. Meyer 30 S. Church Street Elkhorn, WI. 53121-1753 (262) 723-2810
7. State Of Wisconsin And Assistant Attorney General Appellate Division; Gregory M. Weber 17 W. Main Street P.O. Box 7857 Madison, WI. 53707-7857 (608) 266-3935
8. Detectives Edward Gritzner Jr., Detective Rodney Thurin, Lt. Ryan Derrick, Sgt. Daniel Derrick, And The Lake Geneva Police & Fire Department; 626 Geneva Street Lake Geneva, WI. 53147
9. Walworth County Clerk; Sheila T. Reiff: 1800 County Rd. NN P.O. Box 1001 Elkhorn, WI. 53121-1001 (262) 741-7012
10. Braden, Olson, Draper LLC. Attorneys; John Olson, Daniel S. Draper; 500 Commercial Street Suite 300 P.O. Box 940 Lake Geneva, WI. 53147-0940 & 417 Lakewood Dr. Williams Bay, WI. 53191-9507
11. Appellate Attorney; Martha Askins: State Public Defenders Office P.O. Box 7862 Madison, WI. 53707-7862 (608) 267-2879
12. Midwest Family Mutual Insurance Co.: AIC Brian Dahlberg, Ron Boyd CEO; Under Claim # 00338087 P.O. Box 7597 Minneapolis Mn. 55440-9425
13. Walworth County Corporation Counsel David A. Bretl 1800 County Rd. NN # 1020 P.O. Box 1001 Elkhorn, WI. 53121-1001 (262) 741-4357
14. Lakeland Animal Welfare Society, Inc.: Cindy Wrobel, Kristen Perry, President, Executive Director & Business Owners: 3551 & 3615 S. Hwy. 67 P.O. Box 1000 Elkhorn, WI. 53121 (262) 723-1000
15. Pyramax Bank: President *"John Doe"* Monica Baker, & Robert J. Cooper VP Bank Security: 7001 W. Edgerton Ave. Greenfield, WI. 53220
16. Chief Jim Surges, Sergeant Paul Schmidt And The East Troy Police Department: N9330 Stewart Rd. P.O. Box 664 East Troy, WI. 53120 (262) 642-9701
17. Attorney's John Murphy, Paul Volbrecht, & Chris Kuehn S.C. 114 W. Court Street WI. 53121 (262) 723-4110
18. Attorney Patrick Hudec S.C. 2100 Church Street P.O. Box 167 East Troy, WI. 53120 (262) 624-3000
19. THOMAS BARBOUR LAKE GENEVA, WI. 53147
20. JOSEPH QUINN LAKE GENEVA, WI. 53147

Dated This __7TH__ Day Of __AUGUST__ 2016


Respectfully Submitted,

__Thomas G. Felski__ Date __AUGUST 7TH,__ 2016
(Signature Of Plaintiff)


# 403913

Plaintiff's Prisoner ID Number


**D.A.C.C.**
**4280 Sherman Road**
**P.O. Box 190**

**Winnebago, WI. 54985-0190**
(Mailing Address Of Plaintiff)