UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS G. FELSKI,

          Plaintiff,

v.                                       Case No. 16-CV-1062

DAVID A. BRETL,
CINDY WROBEL,
KRISTEN PERRY,
CHIEF JIM SURGES, AND
SGT. PAUL SCHMIDT,

          Defendants.

# ORDER

In response to defendants' summary judgment motions, plaintiff Thomas Felski has filed a motion to appoint counsel (ECF No. 115), a motion to enlarge time to respond to the court's February 27, 2018 order and to the defendants' motions for summary judgment (ECF No. 116), and a motion for leave to file a supplemental complaint and objections pursuant to 28 U.S.C. § 636(b) (ECF No. 118).

1.     Procedural Background

On February 15, 2018, the court denied Felski's renewed motion to compel discovery, denied his motion to extend the scheduling order, and granted his motion for

extension of time to file a response to the defendants' motions for summary judgment. (ECF No. 113.) The court ordered that Felski's responses to the defendants' summary judgment motions are due by April 16, 2018, and that the defendants' summary judgment reply deadline is April 30, 2018. (*Id.*)

On February 27, 2018, the court ordered that, in accordance with *Coleman v. Labor & Indus. Review Comm'n of Wisconsin*, 860 F.3d 461 (7th Cir. 2017), the December 7, 2016, screening order, which dismissed some of the defendants, should be construed as a recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), (C). (ECF No. 114.) The court ordered that, within fourteen days of the date of the order (that is, by March 13, 2018), Felski could file written objections to the dismissal of the defendants referenced in the court's December 7, 2016 order. (*Id.*) It may seem odd to proceed in this fashion given that the remaining defendants have all consented to the jurisdiction of this court. But because those defendants who were dismissed from the case did not consent to the jurisdiction of this court, per *Coleman* this court lacks jurisdiction to dismiss them from this case.

**2.     Motion to Appoint Counsel**

On March 7, 2018, Felski filed a motion to appoint counsel, the fourth time he has done so. (ECF No. 115.) He states that, given that the issues are becoming complex and will require significant research, investigation, and further discovery, his imprisonment will greatly limit his ability to litigate this case. Felski also states that he has limited

access to the law library (one to two hours five days per week), limited knowledge of the applicable substantive and procedural law, and limited knowledge as to how to respond to summary judgment motions. Felski cites to the court's September 15, 2017 order denying without prejudice his third motion to appoint counsel. That order stated that Felski could file a renewed motion to appoint counsel should a future aspect of this case present more challenging factual and legal issues,. According to Felski, this case has become more complex, in part as a result of the court's order resulting from *Coleman* advising him that he could file objections to the screening order. Felski states that he will need an attorney to help him properly apply federal constitutional law and interpret the court's February 27, 2018 order.

The court has already determined that Felski is capable of responding to the defendants' summary judgment motions without the assistance of counsel. (ECF No. 99 at 4.) Felski's most recent motion does not raise anything that the court has not already considered regarding his ability to respond to the defendants' summary judgment motions. And since, as discussed below, Felski has already filed his objection to the court's February 27, 2018 order, he does not need an attorney to do so.

In sum, Felski has demonstrated that he is competent to engage in pretrial motion practice. Accordingly, the court will again deny without prejudice his motion to appoint counsel. Felski may renew his motion to appoint counsel after defendants' summary judgment motions have been resolved.

**3.     Motion for Enlargement of Time and for Leave to File Objections**

On March 12, 2018, Felski filed a motion for enlargement of time to file a response to the court's February 27, 2018, order. (ECF No. 116.) He states that he seeks 60 days to conduct a review of cases and/or file a motion to include defendants that were previously dismissed before responding to the defendants' motion for summary judgment.

However, four days later, on March 16, 2018, Felski filed a document titled "Motion for Leave to File a Supplemental Amended Complaint Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Written Objections pursuant to 28 U.S.C. § 636(b)(1)(C)." This motion requests that numerous claims and defendants be added back into Felski's case – claims and defendants that were dismissed in the order screening the original complaint. The court construes this filing as Felski's written objections to the court's December 7, 2016 screening order. The case will be referred to a district judge for disposition. *See* Fed. R. Civ. P. 72(b)(3). Based on the foregoing, the court will deny as moot Felski's motion for extension of time to file his response to the court's February 27, 2018 order.

Felski also seeks additional time to respond to the defendants' summary judgment motions. Under the circumstances, the court will grant this request. The court will stay briefing on the summary judgment motions. Once the District Judge has resolved Felski's objections to the dismissal of defendants in the Screening Order, the

court will issue an order setting a deadline for further briefing on the summary judgment motions.

**IT IS THEREFORE ORDERED** that Felski's motion to appoint counsel (ECF No. 115) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Felski's motion to enlarge time to file objections (ECF No. 116) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Felski's motion for extension of time to respond to the defendants' motions for summary judgment (ECF No. 116) is **GRANTED**. Briefing on the defendants' summary judgment motions is stayed. The court will schedule further briefing on the summary judgment motions after the District Judge resolves Felski's objections to the screening order.

**IT IS FURTHER ORDERED** that Felski's motion for leave to file a supplemental amended complaint and to file written objections (ECF No. 118) is construed as Felski's objections to the court's December 7, 2016 Screening Order (ECF No. 9, 114). The Clerk's Office shall update the docket accordingly.

**IT IS FURTHER ORDERED** that this case be referred to a District Judge for disposition of Felski's objections to the dismissal of defendants referenced in the court's December 7, 2016 order (ECF Nos. 9, 114, 118).

Dated at Milwaukee, Wisconsin this 26th day of March, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge