# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS G. FELSKI,

                Plaintiff,

v.

DAVID A. BRETL, CINDY WROBEL,
KRISTEN PERRY CHIEF JIM SURGES,
and SGT. PAUL SCHMIDT,

                Defendants.

Case No. 16-CV-1062-JPS

**ORDER**

Plaintiff Thomas G. Felski, a Wisconsin state prisoner who is proceeding *pro se*, filed a complaint alleging that the defendants violated his civil rights. The case was assigned to Magistrate Judge William E. Duffin, and he screened Plaintiff's complaint in accordance with 28 U.S.C. § 1915A(a). (Docket #9). In the screening order, Magistrate Duffin dismissed several defendants from the action either because they enjoyed immunity for their alleged conduct or because Plaintiff had failed to state a claim against them. *Id.* at 15–25.

Until all parties have an opportunity to consent to magistrate judge jurisdiction, a magistrate judge presiding over a case may not enter an order that disposes of a party's claim. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). "Rather than entering final judgments, they must issue proposed findings of fact and conclusions of law to be reviewed *de novo* by the district court." *Id.* (quotation omitted).

On February 27, 2018, in light of *Coleman*, Magistrate Duffin issued an order explaining that his screening order dismissing several defendants

would be construed as a recommendation to this Court pursuant to 28 U.S.C. § 636(b)(1)(B), (C). (Docket #114). Plaintiff was informed that he could file an objection to Magistrate Duffin's screening order within 14 days, that is, by March 13, 2018. *Id.* On March 16, 2018, Plaintiff filed a document that Magistrate Duffin construed as an objection to the screening order. (Docket #118). Plaintiff's objection asks that the dismissed defendants be reinstated, but it does not provide any new or relevant reason why that should be the case in light of the problems Magistrate Duffin pointed out in his screening order.

Having reviewed *de novo* Plaintiff's initial complaint, Magistrate Duffin's screening order, and Plaintiff's (untimely) objection, the Court concurs with Magistrate Duffin's reasoning and conclusions relating to dismissal of defendants Walworth County District Attorney Daniel Necci, Assistant District Attorney Diane M. Resch Donohoo, Judge Phillip Koss (former DA), Paula and Richard Derrick, Attorney Timothy Swatek, Judge James Carlson, Commissioner Thomas F. Meyer, Assistant Attorney General Gregory M. Weber, Lake Geneva Police/Fire Department, Detective Lt. Edward Gritzner, Jr., Detective Rodney Thurin, Sergeant Daniel Derrick, Lt. Ryan Derrick, Walworth County Clerk Sheila T. Reiff, Law Firm of Braden Olson Draper, Attorney Daniel S. Draper, Attorney John Olson, Joseph Ehnmann (Appellate Manager of Public Defenders Office), Attorney Martha K. Askins, Midwest Family Mutual Insurance Company, AIC Senior Claims Representative Brian Dahlberg, Midwest Family Mutual Insurance Company President Ron Boyd, Walworth County Corporation Counsel, Pyramax Bank, Pyramax Bank President John Doe, VP Robert J. Cooper, CFO Monica Baker, East Troy Police Department, Attorney John Murphy, Attorney Paul Volbrecht, Attorney Chris Kuehn,

Attorney Patrick Hudec, Thomas Barbour, Joseph Quinn, Thomas Barbour Employees, and Joseph Quinn Employees.

Magistrate's Duffin's screening order with respect to dismissal of the above-named defendants will be adopted in whole.

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's recommendation of dismissal of certain defendants upon 28 U.S.C. § 1915A(a) screening (Docket #114) be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that the defendants referenced in this Order be and the same are hereby **DISMISSED** from this action; and

**IT IS FURTHER ORDERED** that this matter be returned to Magistrate Judge William E. Duffin for further proceedings.

Dated at Milwaukee, Wisconsin, this 16th day of May, 2018.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge