WED

U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED
2018 MAY 31 A 10:20
STEPHEN C. DRIES
CLERK

Honorable William E. Duffin

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THOMAS G. FELSKI, | Case No.: No. 16-CV-1062 |
| Plaintiff, | |
| vs. | MOTION FOR APPOINTMENT OF COUNSEL AND/OR AN INVESTIGATOR TO PROVIDE AN INTERVIEW DECLARATION OF TESTIMONY |
| DAVID BRETL, et al., | |
| Defendants | |

Pursuant to 28 U.S.C. Sect. 1915(e)(1) Plaintiff moves for an order appointing counsel to represent him in this case. In support of this motion, plaintiff states:

1. Plaintiff is unable to afford counsel. He has requested and received leave to proceed *in forma pauperis* in this case.

2. Plaintiff's imprisonment will greatly limit his ability to litigate this case. The issues involved in this case are complex, and will require significant research, additional investigation, and further development of witnesses revealed in the initial discovery.

3. Plaintiff has limited access to the law library only one hour daily Monday - Saturday and limited knowledge of the Federal Constitutional Law, Federal Rules of Civil Procedure, and to allow me the facts to file responses to these three motions for Summary Judgments.

4. A new issue has arisen in this case, Honorable Judge Duffin; a key witness that is necessary to complete the summary judgment response motions for these five defendants is <u>unattainable</u>. In Plaintiff Felski's Walworth County case 12CF263 A Ms. Mary Jo Wenke who is critical to providing positive testimony for this Plaintiff, Felski's motion in his response for Motion for Summary Judgments filed by all five of these defendants and their three banks of attorneys, Ms. Wenke is unreachable by this Pro se Prisoner as the ADA Diane M. Resch Donohoo swayed the Honorable Judge David M. Reddy to put a

no contact order on this witness and Felski cannot question, depose or speak to Ms. Wenke without an attorney, private investigator, or a private legal third party contacting Ms. Wenke by phone or at her residence to conduct a deposition, declaration of testimony, or by any other manor such as a signed memorandum, affidavit, or certificate. All five of these plaintiffs mention Ms. Wenke's <u>hearsay</u> participation in their motions for Summary Judgment. Pursuant to *Fed. Stat. 28 U.S.C. § 1746*

5. Based on this courts own order dated *09/15/17 Pg. 3 (EFC No. 63)* "Should a future aspect of this case such as summary judgment proceedings or trial, present more challenging factual and legal issues, Felski may file a renewed motion to appoint counsel." Your Honor, the issues in this case are now in the Summary Judgment stage and have become legally complex with a portion of relevant investigative discovery needed to collect missing material facts, refute and respond to defendants motion for Summary Judgment, missing documents, request and listen to all of the CD's of Walworth county jail telephone calls not properly transcribed and taken totally out of context. Finally to <u>depose all hearsay witnesses</u> that all these defendants are now almost solely relying on in this case. "One Eye Witness is Worth more than ten who tell what they have heard" Plautus, Roman playwright, Truculentus

6. An Attorney and /or an investigator is paramount and will greatly assist this plaintiff to apply the Federal Constitutional Law properly, in motions, memorandums, briefs and declarations before this Court.

7. This Plaintiff "has made a reasonable attempt to find an attorney on his own." as the court has already noted in it's ruling dated *02/17/17 Order Screening Amended Complaint Pg.4*

WHEREFORE, plaintiff requests that the court appoint counsel to represent him in this case.

Executed this day at STF Sturtevant Transitional Facility Sturtevant Wisconsin,

Signed and dated this 29th day of May, 2018.

Respectfully Submitted,

By: _____
Thomas G. Felski